## In re KEJ CORPORATION, Debtor.

### Bankruptcy No. 94–32104.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Oct. 7, 1994.

Russell R. Miller, Toledo, OH, for debtor.

John S. Cheetwood, Bowling Green, OH.

Timothy T. Tullis, Columbus, OH.

Dale R. Crandall, Perrysburg, OH.

William C. Caughey, Bowling Green, OH.

Jon Richardson, Toledo, OH.

Linda F. Holmes, Bowling Green, OH.

G. Franklin Miller, Cincinnati, OH, for MIF Realty.

Walter J. Celley, Perrysburg, OH, for Larry & Luann Croy.

### MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Debtor's Motion to Void Sheriff's Sale of Real Property of the Estate; Motion of Gale Astles for Relief From Stay and Memorandum in Opposition to Debtor's Motion to Void Sheriff's Sale; and Motion for Relief from Stay by MIF Realty. A hearing was held on October 5, 1994. At the hearing the parties were afforded the opportunity to present evidence and make arguments they wished the Court to consider. This Court has reviewed the arguments of counsel, exhibits as well as the entire record in the case. Based upon that review, and for the following reasons, the Court finds that an effective reorganization is not possible, and accordingly the requested Reliefs from Stay should be granted, and Debtor's Motion to Void Sheriff's Sale is moot.

### FACTS

KEJ Corporation (hereafter "KEJ") filed for Chapter 11 bankruptcy protection on August 25, 1994 at around 10:00 a.m. Almost simultaneously, a sheriff's sale was being conducted wherein real property (hereafter "subject property") owned by KEJ was being sold pursuant to a foreclosure decree obtained against the property by MIF Realty, L.P. (hereafter "MIF"). MIF and Astles seek relief from stay so that the foreclosure sale may be concluded. KEJ seeks to have the sheriff's sale voided.

Three liens exist on the subject property. MIF is the first mortgagee and holder of a promissory note as to the subject property,

and claims an interest of Four Hundred Seventy-three Thousand One Hundred Sixty-eight and 23/100 Dollars ($473,168.23). The subject property was sold at the sheriff's sale for approximately Five Hundred and Five Thousand Dollars ($505,000.00) to Gale Astles (hereafter "Astles"), holder of a second lien on the subject property. Astles claims an interest in the property of One Hundred Eighty Thousand Four Hundred Eighty-one and 52/100 Dollars ($180,481.52). A third lien, held by Citizens Savings Bank, also exists on the property in the amount of approximately One Million Three Hundred and Fifty Thousand Dollars ($1,350,000.00). Though these amounts are disputed, KEJ stipulated at the hearing that the total indebtedness was at least One Million Six Hundred Thousand Dollars ($1,600,000.00).

A restaurant called Croy's Supper Club is a tenant operating on the premises of the subject property, and KEJ contends that the rent earned from the restaurant is necessary for an effective Chapter 11 organization. Rents from the restauranteur/tenant are approximately Five Thousand Seven Hundred Dollars ($5,700.00) per month, though the lease does provide for greater rents if a percentage of the income of the supper club exceeds the flat rate.

KEJ also owns two other properties that could generate income to effect its reorganization. The first is a parcel of land located in Hancock County, Ohio, and is comprised of an approximately 5 acre parcel of land with a residence and a storage building located on it which are used in connection with the operation of a cemetery located adjacent to the parcel. The cemetery is operated by a separate entity, and is presently under receivership in a state court case. There is currently no rental income being paid to Debtor for the receivor's ongoing use of the property, but KEJ feels it could negotiate additional rental income. At the hearing, KEJ speculated that such income could be as much as Two Thousand Dollars ($2,000.00) per month.

The second additional property KEJ contends could generate income to effect its reorganization is a Florida residential property. KEJ has apparently entered into a rental agreement with Larry W. Johnson, the sole owner and officer of KEJ. KEJ contends the rental agreement should increase rental income to at least Twelve Thousand Dollars ($12,000.00) a year, though income near this amount has not yet been generated in any the five to seven years that KEJ has owned the property.

KEJ estimates that the value of the Hancock County property is Two Hundred Fifty Thousand Dollars ($250,000.00), and the value of the Florida residence is Three Hundred Thirty Thousand Dollars ($330,000.00). The parties stipulated at the hearing for purposes of the Court's decisions herein that the value of the subject property is the Five Hundred and Five Thousand Dollars ($505,000.00), the price of Astles' purchase of the property at the sheriff's sale.

### LAW

Section 362 of the Bankruptcy Code provides in pertinent part:

   (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as terminating, annulling, modifying, or conditioning such stay—

   (1) for cause, including lack of adequate protection of an interest in property of such party in interest; or

   (2) with respect to a stay of an action against property under subsection (a) of this section, if—

     (A) the debtor does not have an equity in such property; and

     (B) such property is not necessary to an effective reorganization.

### DISCUSSION

MIF and Astles seek relief from stay under § 362(d)(2). The parties are in agreement that KEJ has no equity in the subject property. Thus, the determinative issue presented in this case is whether KEJ is capable of an effective reorganization pursuant to § 362(d)(2)(B). This case is a core proceeding per 28 U.S.C. Section 157(b)(2)(G).

Relief from stay under § 362(d)(2) has been explained by the United States Supreme Court as follows:

> Once the movant under § 362(d)(2) establishes that he is an undersecured creditor, it is the burden of the debtor to establish that the collateral at issue is "necessary to an effective reorganization." See § 362(g). What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that is in prospect. This means, as many lower courts, including the en banc court in this case, have properly said, that there must be 'a reasonable probability of a successful reorganization within a reasonable time.' 808 F.2d, at 370–71, and nn. 12–13, and cases cited therein. The cases are numerous in which § 362(d)(2) relief has been provided within less than a year from the filing of the bankruptcy petition. And while the bankruptcy courts demand less detailed showings during the four months in which the debtor is given the exclusive right to put together a plan ... even within that period lack of a realistic prospect of effective reorganization will require § 362 (D)(2) relief. *United States Assoc. of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 376, 108 S.Ct. 626, 633, 98 L.Ed.2d 740 (1988).

The Court in *United States Assoc. of Texas* affirmed the court of appeals decision, which also explained the standard involved when determining if a property is "necessary to an effective reorganization" as provided for in § 362(d)(2):

> We recognize that relief from stay hearings are usually held early in the case and that they are expedited, limited in scope, and held on limited notice. Therefore, the bankruptcy court applies the "reasonable possibility of successful reorganization" standard with somewhat more indulgence than would be appropriate if the motion were made at a later stage in the proceedings or if a similar issue were raised in the context of a full-blown hearing that attends a motion to dismiss or convert the case brought under § 1112. Nonetheless, the "effective reorganization" standard must be given meaning by the bankruptcy court. To prevail against the secured creditor who has moved to lift the stay under § 362(d)(2), the debtor must be able to show a reasonable prospect for successful reorganization within a reasonable time. *In re Timbers of Inwood Forest Associates, Ltd.*, 808 F.2d 363 (5th Cir.1987), affd. *United States Assoc. of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 376, 108 S.Ct. 626, 633, 98 L.Ed.2d 740 (1988).

This Court holds that KEJ has not met its burden of showing a reasonable prospect for successful reorganization within a reasonable time. KEJ has proposed that the income could be generated from three properties. The subject property generates Five Thousand Seven Hundred Dollars ($5,700.00) per month. Though the lease does provide for greater rents if the supper club business excels, this Court finds that improbable in the reasonably foreseeable future. Thus, the subject property produces a Sixty Eight Thousand Four Hundred Dollars ($68,400.00) income per year. KEJ speculates that the Hancock County property could produce as much as Two Thousand Dollars ($2,000.00) a month, or Twenty-four Thousand Dollars ($24,000.00) per year. KEJ also speculates that the Florida property could produce as much as Twelve Thousand Dollars ($12,-000.00) per year. Though the Court does not find that these figures are necessarily probable, the Court will accept them for the income calculation. Thus, the total income KEJ proposes as reasonably possible would be One Hundred and Four Thousand and Four Hundred Dollars ($104,400.00).

The parties at the hearing have stipulated that the debt KEJ must service in order to maintain a successful reorganization would be One Million Six Hundred Thousand Dollars ($1,600,000.00). The Court finds that an income approximately One Hundred and Four Thousand and Four Hundred Dollars ($104,400.00) is insufficient to service One Million Six Hundred Thousand Dollars ($1,600,000.00) in debt, and that a successful reorganization is therefore not possible. Even considering an eight percent interest

rate, the annual interest on this much debt would be One Hundred Twenty-eight Thousand Dollars ($128,000.00), far exceeding KEJ's proposed annual income.

Other factors also lead the Court to the conclusion that an effective reorganization is not possible. The assets of KEJ, per Larry Johnson the sole owner, if his estimates of value are used, total approximately One Million Eighty-five Thousand Dollars ($1,085,-000.00). This is only Sixty-seven percent ($67%) of stipulated liabilities. Also, Larry Johnson stated at the hearing that he will not put any of his own funds into the reorganization. Further, the plan also alleged attempts to get the bank to deal with property outside the Chapter 11. This Court very mindful of the problems with plans which seek to deal with property beyond the control of the Bankruptcy Court. The Court also notes that the value of the Hancock and Florida properties have not been appraised, and are questionable. Finally, even the incomes proposed are very speculative.

A similar ruling was upheld by the court in *In re Sun Valley Ranches, Inc.,* 823 F.2d 1373 (9th Cir.1987). In *Sun Valley* the debtors appealed from the lower court's decisions that the automatic stay should be lifted because an effective reorganization was not possible. This ruling was based on the fact that the debtor's disclosure statement showed that it planned to pay out more than Ninety-seven Thousand Dollars ($97,000.00) per year, while the statement also showed that only Eighty-six Thousand Dollars ($86,-000.00) would be available for distribution. *Id.* at 1376. This is similar to the case herein were the probable minimum debt requirements of KEJ exceed the proposed income by an even greater amount. The district court concluded, and the court of appeals affirmed, from this "deficit spending" that no effective reorganization was possible. *Id.*

Another case similar to the case herein is *In re Snapwoods Apartments of Dekalb County, Ltd.,* 153 B.R. 524 (Bankr.S.D.Ohio 1993). In *Snapwoods,* the Bankruptcy Court lifted the automatic stay regarding property alleged by the debtor to be necessary to an effective reorganization. The debtor had projected proposed income over expenses which was considerably greater than the present net income. *Id.* at 526. This is similar to the case at bar, where the income proposed is also quite speculative. The court concluded that:

It would be pure speculation to assume that [debtor] can realistically meet its projected net operating income in the years to come. Net operating income is critically important because it derives the success or failure of [debtor's] plan of reorganization. [Debtor], however, has not demonstrated that its projected net income is reasonable or reliable given its recent past experience. It follows that [debtor] has not established that its proposed plan of reorganization has a likelihood of success. Therefore [debtor] has not met its burden under 11 U.S.C. § 362(d)(2)(B) to establish that a "successful reorganization" is possible. *Id.* at 526–27.

Net income is similarly critical in the case at bar. However, unlike *Snapwoods,* the debtor has not even alleged a positive net income that could possibly cover even the interest payments necessary on the debt it owes. Thus, its chance of an effective reorganization is even less probable than that of the debtor in *Snapwoods.*

The Court also notes that there are no public policy concerns that would support a different result in this case. KEJ Corp. is owned solely by one person, Larry Johnson, who is also the sole employee of the corporation. The relief sought would thus harm no one except Larry Johnson. Further, even Larry Johnson himself is not sympathetic to the plight of KEJ, as he has stated that he would not consider putting any of his personal funds into the reorganization attempt that would serve only to benefit himself.

For all the foregoing reasons, the Court finds that the relief from stay sought by MIF and Astles should be granted, and that the motion to avoid the sheriff's sale is therefore moot. In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

*ORDERED* that the Motion of MIF Realty for Relief From Stay be, and is hereby, *GRANTED*.

It is **FURTHER ORDERED** that the Motion of Gale Astles for Relief From Stay be, and is hereby, *GRANTED*.

It is **FURTHER ORDERED** that the Debtor's Motion to Void the Sheriff's Sale of Real Property of the Estate be, and is hereby, *DENIED* as *MOOT*.